IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CHEVERA D. BROWN,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL No. 12-cv-2048-JKB |
| **EXPERIAN CREDIT REPORTING,** | * | |
| Defendant | * | |

## MEMORANDUM

Chevera D. Brown ("Plaintiff") brought this action against Experian Information Solutions, Inc.[1] ("Defendant") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, defamation, negligence and invasion of privacy. Now pending before the Court is Defendant's motion to dismiss the complaint (ECF No. 15). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, Defendant's motion will be GRANTED and Plaintiff will be GRANTED leave to file a second amended complaint.

I.  BACKGROUND

On March 26, 2012, Plaintiff filed this action in the District Court of Maryland for Baltimore County. (*See* Compl., ECF No. 2.) On May 25, 2012, Plaintiff filed an amended complaint in the state court. (*See* Am. Compl., ECF No. 7.) The amended complaint alleges that Defendant "has persistently reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties." (*See* Am. Compl. ¶¶ 2, 10, 11.)

---

[1] Plaintiff incorrectly identified the Defendant as Experian Credit Reporting.

Despite Plaintiff's efforts to bring these inaccuracies to Defendant's attention, Defendant has failed to correct them.[2]

Defendant removed the action to this Court on July 10, 2012, and shortly afterward, Defendant filed a motion to dismiss due to insufficient process, insufficient service of process, the resulting lack of personal jurisdiction, and for failure to state a claim upon which relief can be granted.  (ECF Nos. 1, 15.)  On August 13, 2012, Defendant filed its Local Rule 103.5.1 Certificate as to filings in the state court, which included copies of documents filed by Plaintiff in the state court on July 31, 2012, including an amended complaint and a motion for leave to file an amended complaint.  (ECF No. 22.)  In response, the Court ordered Plaintiff to file all pleadings and motions in this case in this Court, not in Maryland State Court.  (ECF No. 23.)  In addition, the Court ordered Plaintiff to comply with Local Rule 103.6(c) within twenty-one days by filing in this Court a clean copy of the amended complaint and a copy of the amended complaint showing the material to be stricken from or added to the original complaint.  Plaintiff failed to file anything in compliance with the Court's order, so the Court rejected Plaintiff's motion for leave to amend her complaint.  (ECF No. 26.)

## II.     LEGAL STANDARD

Under FED. R. CIV. P. 12(b)(5), a defendant may move to dismiss for insufficient service of process.  If service is contested, the plaintiff bears the burden of establishing its validity, pursuant to Rule 4.  *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006).  "In cases removed to federal court, state law determines whether service of process was properly effected prior to removal."  *Allen v. Shinseki*, No. 12 Civ. 0269 (WDQ), 2012 WL 6111835, *3 (D. Md. Dec. 7, 2012).  Under Maryland law, service is made upon a corporation "by serving its resident

---

[2] The facts are recited here as alleged by the Plaintiff, this being a motion to dismiss.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

agent, president, secretary, or treasurer." MD. RULE 3-124(d). If the corporation "has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id.*

A motion to dismiss under FED. R. CIV. P. 12(b)(6) is a test of the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atl. v. Twombly*, 550 U.S. 544, 556-57 (2007). In assessing the merits of a motion to dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). If after viewing the complaint in this light the court cannot infer more than "the mere possibility of misconduct," then the motion should be granted and the complaint dismissed. *Iqbal*, 556 U.S. at 679.

A plaintiff filing *pro se* is held to a "less stringent standard[]" than is a lawyer, and the court must liberally construe his claims, no matter how "inartfully" pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations). However, even a *pro se* complaint must meet a

minimum threshold of plausibility.  *See, e.g., O'Neil v. Ponzi*, 394 Fed. App'x. 795, 796 (2d Cir. 2010).

### III. ANALYSIS

Plaintiff failed to properly serve the Defendant in this case.  As noted above, Plaintiff bears the burden of establishing the validity of service.  However, Plaintiff's brief in opposition to this motion failed to address this issue.  Therefore, the Court must rely on the description of service provided by the Defendant, as well as the certified mail receipt (ECF No. 6).  According to the Defendant, "Plaintiff sent the summons and complaint by certified mail to Experian Credit Reporting, using an address for Defendant Experian [Information Solutions, Inc.] and failing to specify that the mail be directed to an authorized agent of Experian Information."  (Def. Br. at 5; ECF No. 15-2.)  This attempt to serve the Defendant did not comply with Maryland Rule 3-124(d), the requirements of which are described above.  The Court will therefore quash the service of process.  *See Vorhees v. Fisher & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983).

Plaintiff's amended complaint also fails to state a claim for which relief can be granted, because it fails to identify any false or inaccurate statement that Defendant made about Plaintiff.[3] The amended complaint states that Defendant "has persistently reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties," and it identifies accounts with which this information is associated.  (*See* Compl. ¶¶ 2, 3.)  However, because the amended complaint fails to allege facts to support this allegation, including the content of the false allegations, it fails to state a claim for which relief can be granted.

---

[3] It is possible that the more specific allegations in Plaintiff's original complaint (ECF No. 2) could be sufficient to survive a motion to dismiss, but the Court has not considered those allegations in this analysis.  Once an amended complaint has been filed, the original pleading no longer serves any function in the case and cannot be used to cure defects in the amended complaint.  *Middlebrooks v. Univ. of Md.*, 166 F.3d 1209 (Table), *3 (4th Cir. January 11, 1999); *see also* Wright, Miller and Kane, *Federal Practice and Procedure: Civil 2d*, § 1476 (2012).

The FCRA imposes civil liability on any person—defined to include any corporation or other entity, *see* 15 U.S.C. § 1681a(b)—who willfully or negligently fails to comply with its requirements. *Ausherman v. Bank of Am. Corp.*, 352 F.3d 896, 899-900 (4th Cir. 2003); *see also* 15 U.S.C. §§ 1681n, 1681o. The amended complaint alleges that Defendant failed to comply with the requirements of two provisions of the FCRA: §§ 1681e(b) and 1681i(a). (*See* Compl. ¶¶ 30(a)-(i).) In order to state a claim for failure to comply with § 1681e(b), Plaintiff must allege that a consumer report contained inaccurate information. *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). The same is true of § 1681i(a). *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) ("a consumer who brings a 1681i failure to reinvestigate claim must first show that his credit file contains inaccurate or incomplete information" (internal quotation marks omitted)); *see also DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67-68 (1st Cir. 2008) (collecting cases). Therefore, Plaintiff has failed to state a claim under the FCRA for which relief can be granted.

Similarly, Plaintiff's failure to identify an allegedly false statement renders her claims for defamation, invasion of privacy and negligence insufficient as a matter of law. Under Maryland law, a claim for defamation requires "that the defendant made a defamatory statement to a third person, [and] that the statement was false." *Piscatelli v. Van Smith*, 35 A.3d 1140, 1147 (Md. 2012) (internal quotation marks omitted). The same is true for an invasion of privacy claim. *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 n.1 (4th Cir. 1990) (under Maryland law, the same legal standards apply to actions for defamation and invasion of privacy). Finally, Plaintiff's negligence claim is solely based on the alleged inaccuracy of the information reported by Defendant, and the failure of the amended complaint to specify any inaccurate statements is therefore fatal. (*See* Compl. ¶¶ 44(a)-(l).)

In response to Defendant's motion to dismiss, Plaintiff requested leave to file a second amended complaint.  (Pl. Opp. Br. at 2; ECF No. 22-3.)  In light of Plaintiff's *pro se* status and the more detailed allegations contained in Plaintiff's original complaint, the Court will grant Plaintiff leave to file a second amended complaint.

**IV.   CONCLUSION**

Accordingly, an order shall issue GRANTING Defendant's motion to dismiss the complaint (ECF No. 15) and GRANTING Plaintiff leave to file a second amended complaint, provided that any such second amended complaint shall be filed in this Court within thirty (30) days, correctly identify the proper defendant(s) in this action, and be served upon those defendant(s) in compliance with Rule 4 of the Federal Rules of Civil Procedure.

Dated this  17th   day of December, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge